Argued and submitted January 31, reversed and remanded for new trial
March 27, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## TRACY LYNN WALKER,
*Appellant.*

## (M9402-0082C; CA A86870)

914 P2d 8

Eric M. Cumfer, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals her conviction on two counts of serving alcohol to a visibly intoxicated person. ORS 471.410.[1] We reverse and remand for a new trial.

Defendant worked as a cocktail waitress at the Tropidara Restaurant in La Grande. The state charged that, on the evening of October 22, 1993, defendant served two of the Tropidara's patrons, Wagner and Christian, while they were visibly intoxicated. The trial focused on two issues: (1) Were Wagner and Christian visibly intoxicated? (2) Did defendant serve them while they were in that condition? The jury, in convicting defendant, necessarily resolved both of those questions in the state's favor.

Defendant raises five assignments of error on appeal. We conclude that the second assignment of error compels reversal and remand for a new trial.

■ Defendant's second assignment of error asserts that the trial court erred in admitting an Oregon Liquor Control Commission document showing when defendant completed an OLCC-required servers' class. After defendant testified that she had taken the class in November 1993, the state, through the testimony of an OLCC inspector, offered an OLCC document showing that defendant did not complete the class until February 7, 1994. Defendant objected to the OLCC class record as hearsay. The state invoked the "business records" exception to the hearsay rule, OEC 803(6). Defendant then argued that the state had not established the requisite foundation for admission of the document as a "business record." The court rejected that argument and admitted the document under OEC 803(6).

OEC 803(6) provides:

---

[1] ORS 471.410 provides, in part:

"(1) No person shall sell, give or otherwise make available any alcoholic liquor to any person who is visibly intoxicated.

"* * * * *

"(4) A person who violates subsection (1) or (2) of this section commits a Class A misdemeanor."

"The following are not excluded by ORS 40.455 [OEC 802], even though the declarant is available as a witness:

"* * * * *

"(6)   A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method of circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this subsection includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

On appeal, defendant reiterates her arguments that the state failed to establish the necessary foundation for admission of the OLCC document under that exception:

"The state failed to show the record was 'made at or near the time' of the event. The state never described how the record was created and so failed to show the record was made either 'by, or from information transmitted by a person with knowledge' or 'in the course of a regularly conducted business activity.' Finally, the state's foundation was faulty because it failed to show its witness was a custodian or otherwise qualified witness as that phrase is used in OEC 803(6)."

The state "agrees that the foundation for admission of the document as a business record under OEC 803(6) was not satisfied." We accept that concession. Nevertheless, the state contends that the error was harmless because the proof of defendant's guilt was "overwhelming."

■■   Evidentiary error is harmless if there is "little likelihood" that the error affected the verdict. *State v. Hansen*, 304 Or 169, 180, 743 P2d 167 (1987). In applying that standard, we consider all of the evidence. *Id.*

At first blush, a dispute about when defendant completed an OLCC serving course may seem academic, especially when, under either party's view, defendant took the class *after* the date of her alleged criminal conduct, October 22, 1993. However, when viewed in the context of how this case was tried, the potential for prejudice was real.

At trial, there was a substantial dispute as to whether defendant ever served alcoholic beverages to either Wagner or Christian. There was circumstantial evidence that, because defendant was working the area of the bar where Wagner and Christian were seated, she must have served them alcohol. However, not one of several eyewitness patrons, including persons seated with Wagner and Christian, conclusively identified defendant as having served Wagner or Christian alcoholic beverages. Indeed, several testified that they had been served by another waitress. Moreover, although defendant had no clear recollection of that night, she testified that she made a practice of carefully observing her customers, including their movements and their speech, and that she had never served anyone who was visibly intoxicated.[2]

Thus, defendant's credibility was critical. If the jury believed defendant's testimony that she never served visibly intoxicated customers, it would acquit. Conversely, if the jury disbelieved her testimony, it would convict.

The OLCC class record, which seemingly pertained to a collateral issue, struck directly at defendant's general credibility. The prosecution exploited and enhanced that impact in two related ways. First, the state successfully requested a "witness false in part" instruction.[3] Second, the

---

[2] Defendant testified that she believed she had served a "straight Coke" to someone meeting Wagner's description. She testified that that person was "fairly drunk" and that, when that person attempted to order a drink from her, "I explained to her that she was too drunk to have a drink, that I would give her a straight Coke. I brought her the Coke."

[3] That instruction provided:

"A witness who lies under oath in some part of his or her testimony is likely to lie in other parts of his or her testimony; therefore, if you find that a witness has lied in some part of his or her testimony, then you may distrust the rest of the witness's testimony. Sometimes witnesses who are not lying may give incorrect testimony. They may forget matters or may contradict themselves.

prosecutor parlayed that instruction and the OLCC class record in closing argument:

> "[T]here's another instruction you'll hear and that is a person [false in] part—can be disregarded in other parts of their testimony. And that's common sense. You heard Ms. Walker testify under oath she took the class in November. Yeah, [unintelligible]. She's going to lie about that, is she going to tell the truth about other important matters?"

We conclude that the admission of the OLCC class record was not harmless error. On that basis, we reverse and remand for a new trial.

Finally, our disposition obviates any need to consider defendant's first and fifth assignments of error, which concern circumstances unlikely to reoccur on retrial. Conversely, defendant's third and fourth assignments of error pertain to evidentiary issues that may again arise on retrial, *e.g.*, the admissibility of evidence of alleged misconduct by the Tropidara's manager and the admissibility of evidence of Christian's conduct after he left the Tropidara. To guide the trial court on remand, we have considered those assignments and reject them without further discussion.

Reversed and remanded for new trial.

---

Also different witnesses may observe or remember an event differently. You have the sole responsibility to determine what testimony or what portions of testimony you will or will not rely on in reaching a verdict."